FORD *v.* KALAMAZOO CIRCUIT JUDGE.

CORPORATIONS — CRIMINAL LAW — FRAUDULENT SALE OF STOCK — STATUTES—INSOLVENCY—NOTICE.

Where respondents, the owners of all the common stock of a Michigan corporation, voted to increase the capital stock from $300,000 to $500,000 by issuing $200,000 of preferred stock, of which there was sold to other parties $30,780, and respondents subscribed for the balance, paying therefor partly by cash and partly by giving individual notes, which were paid or liquidated about two years later by a special cash dividend which was declared on the common stock, and it was not shown or admitted that, at the time the issue of preferred stock was authorized by the corporation, it was insolvent, or, if such was the fact, that respondents knew of such condition, no offense under section 14872, 5 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 15080, entitled, "An act to prevent the issue and sale of fraudulent stock by incorporated companies," was committed.[1]

Mandamus by Frank F. Ford, prosecuting attorney for Kalamazoo county, against Walter H. North, presiding as judge in the Kalamazoo circuit, requiring respondent to vacate and set aside an order quashing an indictment against M. Henry Lane, Frank B. Lay, Sr., and Victor L. Palmer, jointly charging said respondents with the offense of fraudulently issuing stock of a Michigan corporation, under section 14872, 5 How. Stat. (2d Ed.). Submitted June 23, 1916. (Calendar No. 27,170.) Writ denied July 21, 1916.

*Frank F. Ford,* Prosecuting Attorney, *in pro. per.* (*Charles W. Nichols,* of counsel), for plaintiff.

*Alfred J. Mills,* for defendant.

[1]As to liability of corporation for fraud or forgery of its officers in the issue of its stock, see notes in 19 L. R. A. (N. S.) 331 and 41 L. R. A. (N. S.) 187.

BROOKE, J. This is an application for a writ of mnadamus, requiring the circuit judge for Kalamazoo county to vacate and set aside an order, by the terms of which an indictment against one Frank B. Lay, Sr., was quashed. It appears that said Lay, together with M. Henry Lane and Victor L. Palmer, was jointly indicted under section 14872, 5 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 15080). The title and first section of said act follow:

"An act to prevent the issue and sale of fraudulent stock by incorporated companies.

"SECTION 1. *The people of the State of Michigan enact,* Any person or persons who shall fraudulently issue or cause to be issued, any stock, scrip, or evidence of debt, of any bank, insurance, mining, plank, or other incorporated company of this State, or who shall sell or offer for sale, hypothecate, or otherwise dispose of any such stock, scrip, or other evidence of debt, knowing the same to be so fraudulently issued, shall be deemed guilty of a felony, and on conviction thereof shall be punished by imprisonment in the State prison not more than ten nor less than one year."

The first count in the indictment is as follows:

"The grand jurors for the people of the State of Michigan in and for said county of Kalamazoo inquiring in and for the body of said county upon their oaths do present: That heretofore, to wit, on the 2d day of October, 1909, at, to wit, the city and county of Kalamazoo and State of Michigan, M. Henry Lane, Frank B. Lay, Sr., and Victor L. Palmer, late of the city and county of Kalamazoo and State of Michigan, being then and there officers and directors and sole stockholders of the Michigan Buggy Company, a corporation incorporated under the laws of the State of Michigan, did feloniously and fraudulently issue, and cause to be issued, to Harold W. Pomeroy, 20 shares of the preferred stock of the saia Michigan Buggy Company, a corporation then and there incorporated under the laws of the State of Michigan and having its principal place of business at the city and county of Kalamazoo, State of

Michigan, of the par value of $200, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

There were 31 other counts in the indictment identical with the first count, except as to the date of the issuing of the certificates, the persons to whom issued, and the amount of the stock. A motion to quash said indictment was made upon the following grounds:

"(*a*) That the title of the act upon which said indictment is based is insufficient, and said statute is unconstitutional and void.

"(*b*) Because said indictment charges no crime under said statute, and does not advise the respondent of the supposed criminal charges, which he is required to meet.

"(*c*) For the several reasons set forth in plea in abatement numbered seven (7) pleaded to said indictment."

In his opinion granting the motion to quash, the learned circuit judge said:

"At the time of hearing this motion to quash it was agreed between counsel in open court that the facts which the people expect to prove, and which the prosecutor contends constitute the charge made, are as follows:

"That on or about the 14th day of September, 1909, the defendants, Frank B. Lay, Sr., M. Henry Lane, and Victor L. Palmer, who at that time were the owners of all the common stock of the Michigan Buggy Company, a Michigan corporation, unanimously voted to increase the capital stock from $300,000 to $500,000 by issuing $200,000 of preferred stock. No question is raised as to the legality of the corporate proceedings in authorizing this issue of preferred stock. Between the date of September 14, 1909, and November 19, 1909, there had been sold and paid for in cash to parties other than those above named $30,780, of this issue of preferred stock. The record of these sales and the transferring of the stock, as well as of all other sales and transfers that had to do with this issue, was

in the hands of the Kalamazoo Savings Bank, which acted as register and transfer agent of the sales of said stock.

"The sales above mentioned were doubtless to a greater or less extent consummated in consequence of the issuing and circulating of a prospectus relative to the sale of this preferred stock. In this prospectus it was stated that the purpose of the issue of the preferred stock was to enable the company to enter into the manufacture of automobiles, and that the proceeds of the issue were to be used in the equipment of the automobile manufacturing department and general business and that such investment would show an increase in the earnings, and that the proceeds of the sale of the stock were to be used in a manner that would give a corresponding increase in the assets of the company.

"On November 19, 1909, the defendants in this cause subscribed for $150,000 of this issue of preferred stock. Of this amount Victor L. Palmer subscribed for $9,000 and paid for the same in cash. The other two defendants subscribed for $28,000, which was paid for by them in cash, and also for the further amount of $113,000, for which they gave their individual notes, the amount due from the defendant Frank B. Lay, Sr., on his note incident to such transaction being $54,500. Later on, and on or about the 30th day of December, 1909, the defendants Frank B. Lay, Sr., and M. Henry Lane subscribed for the remaining portion of said $200,000 of preferred stock, which amounted at that time to $19,220 par value. Said defendants paid for this subscription in cash, which they borrowed on their personal notes from the Kalamazoo National Bank.

"From the foregoing transaction there was passed to the credit of the Michigan Buggy Company the sum of $87,000, and the company had the notes of the defendants Lane and Lay for $113,000. Interest was paid on these notes by the maker from time to time, and on the 16th day of December, 1911, a special cash dividend was declared by the defendants on the common stock of said Michigan Buggy Company, they still being the owners of all the common stock. The notes which Lane and Lay had given for the issue

of the preferred stock in the principal sum of $113,000 were paid or liquidated by this special dividend which was due to them from their common stock. Pending the payment of these notes the stock for which the defendants Lane and Lay had given the same was retained in the hands of the Kalamazoo Savings Bank, and in fact was not detached from the stubs in the stock book. Some portions of the stock for which the defendants Lane and Lay subscribed were made out in the names of third parties, and without the knowledge or consent of such parties; and some of this stock was sold to third parties, in which event the cash received therefor was in the first instance credited by the bank to the Michigan Buggy Company, and thereafter the defendants Lane and Lay received the Michigan Buggy Company's check therefor.

"The defendant Frank B. Lay, Sr., takes the position that if all the above facts are established, still it would not be proven that he had committed an offense within the statute under which this prosecution is brought. Doubtless if we were to adhere to the strict rules of practice, this question would not necessarily be passed upon at this time; but the parties to this cause agree that this is the important question with which they are confronted, and likewise it is one which might easily have been raised and passed upon at this time if the offense had been charged in the indictment in the manner in which defendant claims that it should have been charged; and these agreed facts have practically been made the basis of the argument heard upon and the disposition of the reason marked '*b*' and assigned in support of the motion to quash.

"It seems to me that it would be a great advantage to both the people and to the defendant to have it determined at this time whether or not the agreed facts hereinbefore stated constitute an offense which is indictable under the statute cited. Section 15127, 5 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 15828) provides that:

" 'Whenever two or more persons shall be included in the same indictment, and it shall appear that there is not sufficient evidence to put any defendant on his defense, it shall be the duty of the court to order such defendant to be discharged from such indictment, before the evidence shall be deemed to be closed.'

"This section evidently contemplates the discharge of the defendant after the trial is actually in progress, but since in the case at bar the material facts are agreed upon for the purpose of this motion, there is as much, or more, reason for making a ruling at this time which will obviate the delay and expense incident to the trial if it is to be determined that the agreed facts do not constitute the offense sought to be charged in this indictment.

"I have given the motion to quash careful consideration, and while I do not find the act is unconstitutional, I do find that the motion should be granted and the indictment should be quashed because no crime is charged under the statute, and because the respondent is not advised of what particular acts he is charged with which are claimed by the people to constitute the criminal offense sought to be set forth in the indictment, and, further, that said motion to quash should be granted for the reason that if the agreed facts hereinbefore recited were established beyond a reasonable doubt, still the defendant would have to be released from custody because such facts do not constitute the commission of a crime in violation of section 14872, 5 How. Stat. (2d Ed.) (3 Comp. Laws 1915, § 15080.)"

With reference to the first ground urged, it is said that the statute is unconstitutional for the reason that it offends that constitutional provision that (Art. 5, § 21):

"No law shall embrace more than one object, which shall be expressed in its title."

The argument is made that the title gives notice of an act prohibiting the sale of fraudulent stock by incorporated companies, whereas, the body of section 1 does not deal with incorporated companies, but refers only to natural persons. In the light of what we have to say later touching the second point raised, we find it unnecessary to pass upon the constitutionality of the act.

Assuming the statute to be valid, counsel for respondent insists that the indictment does not conform

thereto, and charges no offense thereunder. In argument it is admitted by counsel for respondent that when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in an indictment in the language of the statute, as has been recently held by this court (*People* v. *Glazier*, 159 Mich. 528 [124 N. W. 582]; *People* v. *Driessen*, 178 Mich. 118 [144 N. W. 526]), but it is claimed that in the case at bar the statute does not sufficiently set out the facts which constitute the offense to enable a respondent to know with what he is charged and to prepare his defense thereto. It is pointed out that the indictment is silent as to the date of the corporate action taken by the company to authorize the issue of the preferred stock, and that no allegation is made that the preferred stock of the company was fraudulent or spurious. These considerations evidently led the learned circuit judge, who heard the motion before the court, to hold that no crime was charged under the statute.

It is unnecessary to determine whether he was right or wrong in so holding, for the reason that under the stipulated facts contained in the judge's opinion, we are unable to see how respondent could have been properly convicted of an offense under the statute.

It is not shown that, at the time the issue of preferred stock was authorized by the corporation, the corporation was insolvent, or even in financial difficulties, and it is not intimated that, even if such was the fact, the respondent knew of such condition. The course of dealing followed by the respondent and his associates with reference to the preferred stock points strongly to another conclusion. They bought and paid for in cash many thousands of dollars worth of this stock, and the purchase price was covered into the treasury of the company. The mere fact that the company declared a dividend upon the common stock which

respondent used to retire the note he had given to the corporation in part payment for his purchase of preferred stock seems to be without probative value. If such cash dividend upon the common stock had been declared by the officers of the corporation at a time when they knew that the corporation was insolvent, or not in a financial condition reasonably able to pay such dividend, a different question would be presented, but under the agreed statement of facts no such situation appears.

We agree with the learned circuit judge that if the people were able to prove beyond reasonable doubt all the facts set forth in the agreed statement of facts, they would fall short of proving an offense under the statute, and that upon the receipt of such proof the court would be obliged to direct the acquittal of respondent. Under such circumstances, it would be idle to proceed to trial.

The order quashing the indictment is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.